IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| CRAIG LEE BILLESBACH, ) | |
| ) | CASE NO. BK10-43560-TLS |
| Debtor(s). ) | A11-4026-TLS |
| RICK D. LANGE, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| STATE FARM BANK, F.S.B., ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 6) and resistance by the defendant (Fil. No. 11). Benjamin E. Moore represents the trustee, and Sara E. Miller represents the defendant. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

The trustee filed this adversary proceeding to avoid a lien on a vehicle. The debtor owns a 2009 Dodge Ram 2500 pickup truck, which he refinanced with State Farm Bank. However, the bank's lien was not noted on the vehicle's certificate of title until after the bankruptcy petition was filed. The trustee seeks to avoid the lien under 11 U.S.C. § 362 as a violation of the automatic stay, under § 549(a) as a post-petition transfer, and under § 544 as an unperfected security interest. The trustee now moves for summary judgment in his favor, while the bank resists, asserting that avoidance of its lien would create a windfall for the bankruptcy estate.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for

trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078–79 (8th Cir. 2008). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The following facts are undisputed:

1. On March 30, 2009, the debtor purchased and took possession of the truck from a dealership in Lincoln, Nebraska.

2. The purchase was financed by JP Morgan Chase Bank, N.A. JP Morgan's lien was noted on the truck title on April 6, 2009.

3. On November 4, 2010, the debtor executed a promissory note and security agreement in favor of State Farm Bank to refinance the truck debt.

4. On November 9, 2010, State Farm Bank issued a cashier's check in the amount of $29,246.17 payable to Chase Auto Finance to pay off the truck debt.

5. On November 17, 2010, JP Morgan noted its release of lien on the certificate of title, and mailed it to State Farm Bank's Wisconsin office thereafter.

6. On November 29, 2010, the debtor filed his Chapter 7 bankruptcy petition and Rick D. Lange was subsequently appointed as the trustee for the case.

7. On December 2, 2010, State Farm Bank mailed the title certificate and lien request to the Lancaster County, Nebraska, Department of Motor Vehicles division of the county treasurer's office.

8. The county noted the bank's lien on the title certificate on December 7, 2010.

The automatic stay of § 362 generally prohibits creditors from perfecting liens on collateral post-petition. *See* § 362(a)(4). However, there is a "safe harbor" period of 30 days for certain transactions. *See* §§ 362(b)(3) and 547(e)(2)(A) (stating that an act to perfect an interest in property is not stayed if the act is accomplished within 30 days after the transfer). For a motor vehicle, lien perfection occurs when the appropriate county office notes said lien on the certificate of title. Neb. Rev. Stat. § 60-164(3).

It is undisputed that the transfer occurred on November 4, 2010, when the debtor executed the promissory note and security agreement to refinance the debt. Thirty days thereafter was December 4, 2010. Because that date fell on a Saturday, the deadline extended to the end of

Monday, December 6, 2010. Fed. R. Bankr. P. 9006(a)(1)(C). The notation of the lien was not placed on the face of the title certificate until December 7, 2010, outside of the statutory safe harbor period.

The bank argues two affirmative defenses to the avoidance of the lien: earmarking, and substantially contemporaneous exchange for new value. Under the earmarking doctrine, "there is no avoidable transfer of the debtor's property interest when a new lender and a debtor agree to use loaned funds to pay a specified antecedent debt, the agreement's terms are actually performed, and the transaction viewed as a whole does not diminish the debtor's estate." *Kaler v. Cmty. First Nat'l Bank (In re Heitkamp)*, 137 F.3d 1087, 1088-89 (8th Cir. 1998). *Heitkamp* was a preference action, unlike the present case. Here, the trustee is attempting to avoid the lien under §§ 544 and 549. In contrast to *Heitkamp*, allowing the bank to keep its lien would diminish the bankruptcy estate because it would create a perfected security interest where one did not exist, as the bank's interest was unperfected on the petition date and JP Morgan's lien had been released pre-petition. *See Brown v. Davis (In re Davis)*, 240 B.R. 372 (Bankr. W.D. Mo. 1999).

The contemporaneous exchange for new value defense is found in § 547(c) and applies to preference actions. Its scope has not been found to be available outside of the preference arena. *See Mukamal v. Enriquez (In re RX Cardiovascular Specialties, Inc.)*, 355 B.R. 873 (Bankr. S.D. Fla. 2006):

> Indeed, there does not appear to be any case in which a court found that defenses available under 11 U.S.C. § 547 are available to an action to avoid a transfer pursuant to 11 U.S.C. § 549. "Congress, by enacting the ordinary course of business exception to an avoidable preference in Section 547(c)(2), has demonstrated that it is aware of and capable of enacting such an exception when it feels that it is appropriate. However, Congress has elected not to enact such an exception with respect to post-petition transfers . . . ." *In re Interco Systems, Inc.*, 202 B.R. at 192.

*Id.* at 875.

The bank has also suggested that the debtor intended to defraud it because he allegedly was contemplating bankruptcy at the same time he entered into the promissory note and security agreement. If the bank intends to pursue such allegations, they are more appropriately raised in an adversary complaint objecting to discharge or dischargeability.

Finally, the bank argues that the intervening Thanksgiving holiday resulted in a shortened time frame in which to obtain the vehicle title and get the lien noted. As a practical matter, a holiday during the week does result in fewer business days. Legally, the argument is irrelevant. Rule 9006(a)'s time computations include weekends and holidays. The only time such days are relevant to the calculation is when the ending date falls on a weekend or holiday, which then gives the party until the next business day to accomplish what needs to be done. In this case, it appears that small delays throughout the refinancing process contributed to the missed deadline. Nevertheless, the bank's lien was not timely perfected under the Bankruptcy Code and is avoidable by the trustee via

his strong-arm powers under § 544 and as a post-petition transaction under § 549. The trustee may recover the property, or its value, for the benefit of the estate. § 550(a); *Stalnaker v. DLC, Ltd.*, 376 F.3d 819, 823 (8th Cir. 2004).

    IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 6) is granted. Separate judgment will be entered.

    DATED: July 29, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Benjamin E. Moore
    Sara E. Miller
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.